NADEL INDUSTRIES, INC.,
Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–
Appellee.

No. 95–1404.

United States Court of Appeals,
Federal Circuit.

Sept. 4, 1996.

Bernard J. Babb, Wasserman, Schneider & Babb, New York City, argued, for plaintiff-appellant.

Barbara Silver Williams, Civil Division, Department of Justice, International Trade Field Office, New York City, argued, for defendant-appellee. With her on the brief

---

were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Joseph I. Liebman, Attorney in Charge, International Trade Field Office. Of counsel was Karen P. Binder, Acting Deputy Assistant Chief Counsel, Office of Assistant Chief Counsel, United States Customs Service, International Trade Litigation.

Before RICH, MAYER, and RADER, Circuit Judges.

PER CURIAM.

Nadel Industries, Inc., (Nadel) appeals a judgment of the Court of International Trade, No. 92–11–00722, 1995 WL 236310 (April 20, 1995), denying its motion for partial summary judgment, granting the government's cross-motion, and dismissing the action. We affirm.

*Background*

In 1986, Nadel imported the disputed merchandise into the Seaport of New York. The article is a tray with a rectangular base of mirrored glass, 8 by 11 inches and about 3/16 inch thick, with curved edges. Four metal posts are mounted on the mirror's surface near the edges, and glass rods run between the posts. Rubber feet mounted near the corners of the non-reflecting surface cover the nuts and hold the posts in place. The article is commonly placed on a vanity or bureau to hold perfume and other decorative bottles and reflect their images.

Because the merchandise was imported prior to 1989, it is subject to the Tariff Schedules of the United States (TSUS), not the Harmonized Tariff Schedules of the United States (HTSUS). The articles were entered and liquidated under TSUS item 544.51, duty-free, as glass mirrors not over one square foot in reflecting area, with or without frames or cases. On June 20, 1986, they were reliquidated under TSUS items 546.62 and 546.66, as "household articles, not specially provided for, other glassware valued over $3 but not over $5 each," at the rate of 15% *ad valorem*. Nadel challenged this classification, but the Court of International Trade upheld it, reasoning that the articles at issue are "more than" mirrors because they have glass rails and footed posts.

*Discussion*

Nadel argues that under the "more than" doctrine, if an article has a primary function, it should be classified according to that function. Thus, Nadel argues, the article should be classified as a mirror because its primary function is to reflect the items placed on it. If the Court of International Trade had examined the item to determine whether it had a primary function or feature, Nadel contends, it would have concluded that the mirrored surface is primary and classified it as such.

We disagree. The Court of International Trade correctly applied the "more than" doctrine to the facts of this case. Following the approach of *Englishtown Corporation v. United States,* 64 C.C.P.A. 84, 553 F.2d 1258 (1977), the court first ascertained the common meaning of the merchandise and then compared it to the merchandise. The parties do not dispute that a mirror is commonly understood to be a smooth surface on which images are formed by the reflection of light; they dispute only whether that aspect of the article is primary. Here, the Court of International Trade found that the common definition of "mirror" fails to describe the article completely, and that instead it describes only one ancillary feature of the article. Given the presence of the legs and rails, which would seem to give the articles the primary function of holding things and the incidental function of reflecting them, we cannot say that the court erred in entering judgment for Customs.

*Conclusion*

Accordingly, the judgment of the Court of International Trade is affirmed.

COSTS

Each party shall bear its own costs.

*AFFIRMED.*